UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 07-20958

CIV - KING

MAGISTRATE JUDGE
GARBER

KMEDIA, INC.
d/b/a VIVOPHONE,
a Florida Corporation

   *Plaintiff,*

vs.

VONAGE AMERICA INC.,
a Delaware Corporation, and
VONAGE MARKETING INC.,
a Delaware Corporation,

   *Defendants.*



_____

**COMPLAINT AND JURY DEMAND**

**I. THE PARTIES**

1.   Kmedia, Inc. d/b/a VivoPhone ("VivoPhone") is a Florida corporation, having its principal place of business at 10435 NW 29th Terrace, Bay #2, Miami, Florida 33172.

2.   Defendant Vonage America Inc. is a Delaware Corporation having a principal place of business at 23 Main Street, Holmdel, New Jersey 07733.

-1-

3. Defendant Vonage Holdings Inc. is a Delaware Corporation having a principal place of business at 23 Main Street, Holmdel, New Jersey 07733.

4. Defendants Vonage America Inc. and Vonage Holdings Inc. (collectively "Vonage" or "defendants") transact business in the State of Florida and continue to do so on a systematic basis, and are amenable to both general and specific personal jurisdiction in this judicial district.

## II. JURISDICTION

5. The federal claim pleaded herein arises under 15 U.S.C. § 1125.

6. Subject matter jurisdiction for the federal claims is conferred upon the Court by 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).

7. The state law claims pleaded herein arise under the laws of the States of Florida and California.

8. Subject matter jurisdiction for the state law claims is conferred upon the Court by 28 U.S.C. § 1338(b) (claim of unfair competition joined with a substantial and related claim under the trademark laws), and 28 U.S.C. § 1367 (supplemental jurisdiction).

## III. BACKGROUND FACTS

9. VivoPhone is an Internet connect network calling company which sells its products and services under the trademark "VivoPhone."

A.  **VivoPhone's Asserted Trademark Rights**

10. Since at least early 2004, VivoPhone has continuously used a mark consisting of a "V" with a dot in the center of the "V" ("the V mark"), as illustrated below, throughout the United States in association with its Internet telephone products and services. Exhibit A includes a copy of VivoPhone's mark as shown on its web site in June 2004.



11. By virtue of having used and continuing to use the V Mark, VivoPhone has acquired common law rights in that mark.

B.  **Defendants' Unauthorized Use of VivoPhone's Mark**

12. Subsequent to VivoPhone's use of the V Mark and with actual knowledge of VivoPhone's use of the V Mark, and with the intent to misrepresent the source of Defendants' products and services, Defendants copied, adopted and are using the V Mark in connection with the advertising, offering for sale and sale of their Internet telephone products and services throughout the United States including, but not limited to, the States of Florida and California, and in this District.

13. The Defendants have also used the V Mark set forth above on their web site, on their products and in advertising. Defendants' web site, www.vonage.com, is illustrated by screen shot below.



**Vonage Web Site - February 5, 2007**

14. Defendants have no consent, license, approval or other authorization to use the V Mark on or in connection with their products, services, advertising or web site.

15. Defendants' use of the V Mark as alleged in the foregoing paragraphs clearly shows the willful intent of the defendants to misrepresent the source of defendants' goods or services so as to cause confusion, mistake or to deceive as to Defendants' connection or association with VivoPhone.

### IV. COUNT I
### UNFAIR COMPETITION AND FALSE DESIGNATION
### OF ORIGIN OR SPONSORSHIP UNDER 15 U.S.C. § 1125(a)

16. The allegations of paragraphs 1-15 are incorporated herein by reference.

17. VivoPhone acquired rights in the V Mark in association with its Internet telephone service and products prior to Defendants' use of the same.

18. Defendants' unauthorized use of its confusingly similar mark, has a substantial effect on interstate commerce, and constitutes false advertising, false designation of

origin, and false description and/or representation of fact that is likely to cause confusion concerning the affiliation, connection or association of VivoPhone and Defendants, and/or concerning VivoPhone's sponsorship or approval of Defendants' products and services, and/or concerning Defendants' commercial activities concerning Defendants' products.

19. Defendants' unlawful use of the V mark in interstate commerce constitutes a violation of Section 43(a) of the Lanham Act.

20. Defendants' use of the V Mark has caused confusion and mistake and is likely to continue to cause confusion and mistake, and to deceive the public into believing that Defendants and their products are associated with and/or authorized by VivoPhone.

21. Upon information and belief, Defendants, in engaging in the conduct described herein, willfully intended to trade on the reputation of VivoPhone and/or the V mark, and to cause injury to VivoPhone.

22. As a direct and proximate result of Defendants' unlawful acts as set forth above, including the unauthorized use of the V Mark, VivoPhone has suffered and will continue to suffer injury to its business, goodwill, and property.

23. VivoPhone is entitled, pursuant to 15 U.S.C. § 1117, to recover from Defendants the damages it has sustained and will sustain as a result of Defendants' wrongful conduct as alleged herein. VivoPhone is further entitled to recover from Defendants the gains, profits and advantages that Defendants have obtained as a result of the wrongful conduct alleged herein. VivoPhone, at present, is unable to ascertain the full extent of its damages, or the gains, profits, and advantages that Defendants have obtained by reason of the wrongful conduct described herein.

24. VivoPhone is entitled, pursuant to 15 U.S.C. § 1116, to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with it, from engaging in any further such acts of infringement in violation of the Lanham Act.

25. VivoPhone has no adequate remedy at law. Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, including the unauthorized use of the V Mark in commerce, VivoPhone will continue to suffer irreparable harm.

## V. COUNT II
## FLORIDA COMMON LAW
## TRADEMARK INFRINGEMENT

26. The allegations of paragraphs 1-25 are incorporated herein by reference.

27. By virtue of having used and continuing to use the V Mark, VivoPhone has acquired common law rights in that mark.

28. Defendants' use in commerce of marks identical and/or confusingly similar to VivoPhone's trademark infringes VivoPhone's common law rights in its trademark, and this use is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' products and services originate from, or are affiliated with, or endorsed by VivoPhone when, in fact, they are not.

29. As a direct and proximate result of Defendants' infringement of VivoPhone's common law trademark rights under Florida and other common law, VivoPhone has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

## VI. COUNT III
## FLORIDA COMMON LAW
## UNFAIR COMPETITION

30. The allegations of paragraphs 1-29 are incorporated herein by reference.

31. VivoPhone has developed consumer recognition in the V Mark within this State.

32. The V Mark, held by VivoPhone, is arbitrary; however, it has also acquired secondary meaning.

33. Defendants' use of the V Mark constitutes a use in commerce without VivoPhone's approval.

34. Defendants' use of the V Mark has caused confusion and mistake and is likely to continue to cause confusion and mistake, and to deceive the public into believing that Defendants and their products are associated with and/or authorized by VivoPhone.

35. Defendants' use of the V Mark has caused, and is likely to continue to cause, consumer confusion as to the source or sponsorship of the Defendants' goods.

36. Upon information and belief, Defendants have committed these acts with the intent to cause confusion and mistake and to deceive the public into believing that Defendants' products are associated with and/or authorized by VivoPhone.

37. Defendants' unlawful use of the V Mark constitutes unfair competition.

38. As a direct and proximate result of Defendants' unlawful acts as set forth above, including the unauthorized use of the V Mark, VivoPhone has suffered and will continue to suffer injury to its business, goodwill, and property.

39. VivoPhone is entitled to recover from Defendants the damages it has sustained and will sustain as a result of Defendants' wrongful conduct as alleged herein. VivoPhone is further entitled to recover from Defendants the gains, profits and advantages that Defendants have obtained as a result of the wrongful conduct alleged herein. VivoPhone, at present, is unable to ascertain the full extent of its damages, or the gains, profits, and advantages that Defendants have obtained by reason of the wrongful conduct described herein.

40. VivoPhone is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with it, from engaging in any further such acts.

41. VivoPhone has no adequate remedy of law. Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, including the unauthorized use of the V Mark in commerce, VivoPhone will continue to suffer irreparable harm.

## VII. DEMAND FOR RELIEF

WHEREFORE, VivoPhone demands entry of a judgment granting relief against the Defendants as follows:

A. A determination that the Defendants have violated 15 U.S.C. § 1125(a), that VivoPhone has been damaged by such violations, and that the Defendants are liable to VivoPhone for such violations;

B. A determination that the Defendants have committed common law trademark infringement, that VivoPhone has been damaged by such infringement, and that Defendants are liable to VivoPhone for common law trademark infringement;

C. A determination that the Defendants are liable for common law unfair competition, that VivoPhone has been damaged by such unfair competition, and that Defendants are liable to VivoPhone for common law unfair competition;

D. A determination that this case is "exceptional," in the sense of 15 U.S.C. § 1117(a);

E. Under all claims for relief, that injunction be temporarily, preliminarily, and permanently issued enjoining Defendants, their employees, agents, successors and assigns, and all those in active concert and participation with it, and each of them who receives notice directly or otherwise of such injunctions, from:

(1) imitating, copying, or making any unauthorized use of the V Mark;

(2) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of the V Mark;

(3) using any simulation, reproduction, counterfeit, copy or colorable imitation of the V Mark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of any product or service;

(4) using any false designation of origin or false description or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendants are

in any manner associated or connected with VivoPhone, or the V Mark, or is sold, manufactured, licensed, sponsored, approved or authorized by VivoPhone.

  F. For an order directing defendants to create corrective advertising so that consumers are not confused between the source of products and services provided by VivoPhone and defendants.

  G. For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants is authorized by VivoPhone or related in any way to VivoPhone's products and services;

  H. For an Order directing the Defendants and their agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, to file with this Court, and serve upon VivoPhone's counsel within thirty (30) days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which they have complied with such judgment;

  I. For an award of VivoPhone's costs and disbursements incurred in this action, including VivoPhone's reasonable attorney's fees;

  J. For an award of VivoPhone's damages trebled and an award of Defendants' wrongful profits trebled, whichever is greater, plus VivoPhone's costs and attorney's fees, pursuant to 15 U.S.C. § 1117;

  K. For an award of VivoPhone's damages arising out of Defendants' acts;

      L.     For an order requiring Defendants to file with the Court and provide to VivoPhone an accounting of all sales and profits realized by Defendants through the use of the V Mark;

      M.    For an award of interest, including pre-judgment interest on the foregoing sums;

      N.     For such other and further relief as the Court may deem just and appropriate.

## VIII. DEMAND FOR JURY

Plaintiff, VivoPhone, demands a trial by jury for all issues so triable.

          **WERMUTHLAW, P.A.**
          ATTORNEYS FOR PLAINTIFF
          8750 NW 36 Street, Suite 220
          Miami, Florida 33166
          TE: 305-715-7157
          Fax: 305-715-8982
          michaelw@wermuthlaw.com
          dorothyt@wermuthlaw.com

BY: _____
     J. Michael Wermuth, Esq.
     Florida Bar No.:50768
     Dorota Trzeciecka, Esq.
     Florida Bar No.:0083518

Dated:  **April 6, 2007**

# EXHIBIT A







VivoPhone look like a regular phone and uses like a regular phone. It is connected with a computer from the USB port or directly with broadband internet via RJ-45 ports. MeritPhone can call to any regular phones in the world and can also receive phone calls from a regular phone via the expanding Local Access Codes.

**VivoPhone Features**

· Free VivoPhone to VivoPhone
· Unlimited Talk Time
· Call Forwarding
· Local Access Codes
· Online Account Management
· Repeat Dialing
· Last Call Redial
· Net Conferencing
· International Calling
· Low Calling Rates



The VivoPhone KU1120B is an exquisite and cell phone size USB phone, which is loved by travelers. It acts as a single port gateway with hardware voice compression that results in reliable digital voice quality. Users can also view call information including caller ID; call duration; destination number; missed call and remaining balance on a POP window of their computer.

KU1130 is a standard size USB phone which is more practical for everyday use. It acts as a single port gateway with hardware voice compression that results in reliable digital voice quality. Users can also view call information including caller ID; call duration; destination number; missed call and remaining balance on a POP window of their computer.

The VivoPhone KE1020 is a broadband IP phone, which can work independently without a computer. It connects directly with your broadband internet connection from its RJ-45 port. Our phone is designed for plug and play, especially when you are using a dynamic IP address. The phone also has a large LCD that can help users to do hassle free configurations and view caller information.

It connects directly with your broadband internet connection from its RJ-45 port. The phone has two RJ-45 ports that can hook up your computer to internet as a hub.
VivoPhone ML210A is designed for plug and play, especially when you are using a dynamic IP address.

**₴JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

07-20958

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KMEDIA, INC. | VONAGE AMERICA INC., VONAGE MARKETING INC. |
| (b) County of Residence of First Listed Plaintiff  Miami-Dade County<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  Monmouth County, NJ.<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>J. Michael Wermuth<br>8750 NW 36 Street, Suite 220<br>Miami, Florida 33178<br>(305) 715-7157 Fax (305) 715-8989 | Attorneys (If Known)<br>CIV - KING<br>MAGISTRATE JUDGE GARBER |

(d) Check County Where Action Arose: ✓ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
✓ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

MIAMI 07CV20958 JLK/GAR

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ✗ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ✓ NO    b) Related Cases ☐ YES ✓ NO

JUDGE                              DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

15 U.S.C. 51125(a)  Unfair competition and false designation

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE   SIGNATURE OF ATTORNEY OF RECORD   DATE 4/6/07

FOR OFFICE USE ONLY
AMOUNT $350   RECEIPT # 957755   IFP

04/07/07